**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Johnson Controls, Inc. a Wisconsin Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. _____ |
| Cook County, an Illinois Municipal Corporation | ) ) ) | |
| Defendant. | ) | |

## <u>COMPLAINT</u>

Now comes the Plaintiff, Johnson Controls, Inc., by its attorneys, Reed Smith LLP, and as and for its Complaint against Defendant Cook County, states:

### <u>PARTIES</u>

1.      Plaintiff Johnson Controls, Inc. ("Johnson Controls") is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin.

2.      Defendant Cook County ("Defendant") is an Illinois municipal corporation with its principal offices located in Cook County, Illinois.

### <u>JURISDICTION AND VENUE</u>

3.      Jurisdiction exists under 28 U.S.C. § 1332 in that Johnson Controls and Defendant are citizens of different states and the amount in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

4.      Venue is proper under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claims occurred in this District.

## BACKGROUND

5.      On January 17, 2008, Defendant, through the Cook County Bureau of Technology, issued its "Request for Proposals for Project Shield Phase 3" for a mobile video and data network system contract, the Cook County communications command center network control software contract, and quality assurance contract (the "RFP").

6.      Johnson Controls submitted a proposal pursuant to the RFP.

7.      The Defendant selected Johnson Controls, and accepted Johnson Controls' proposal.

8.      On March 28, 2008, the Defendant and Johnson Controls entered into a contract titled "Contract for Project Shield Phase 3" for a mobile video and data network system contract, the Cook County communications command center network control software contract, and quality assurance contract (the "Contract").

9.      From March 28, 2008 through September 6, 2011, Johnson Controls performed all work required of it pursuant to the Contract, and invoiced the Defendant for the work performed pursuant to the Contract.

10.      During that period, Johnson Controls performed its duties under the Contract.

11.      During that period, the Defendant repeatedly accepted portions of Johnson Controls' work and made numerous incremental payments pursuant to the Contract.

12.      In early 2011, the Defendant and its various representatives claimed that they had become dissatisfied with the systems being created pursuant to Phases I, II and III of Project Shield, and raised, but did not substantiate, concerns with products installed by Johnson Controls, as expressly required under the Contract.

13.     The Defendant breached the Contract by, among other things, failing to pay invoices for work performed by Johnson Controls pursuant to the Contract.

14.     Johnson Controls met with the Defendant, and the parties, through counsel, negotiated a settlement of their respective rights and responsibilities under the Contract.

15.     That settlement and compromise was documented in a letter agreement (the "Settlement Agreement") dated September 6, 2011, and countersigned by Michael Masters, the head of the Cook County Department of Homeland Security and an authorized agent of the Defendant.

16.     The Defendant breached the Settlement Agreement by, among other things, failing to make payments to which Johnson Controls is entitled under the terms of the Settlement Agreement.

## <u>COUNT I – BREACH OF CONTRACT</u>

17.     Johnson Controls incorporates the foregoing and states:

18.     Johnson Controls and the Defendant are party to two valid, enforceable agreements.

19.     Johnson Controls performed all duties and obligations owed to the Defendant under those agreements, excepting only those duties and obligations either affirmatively waived by the Defendant, or excused by virtue of the Defendant's breach of contract.

20.     The Defendant has breached those agreements by, among other things, failing to make promised payments owed pursuant to the agreements.

21.     Defendant's breaches of contractual obligations have caused Johnson Controls to suffer damages in excess of the $75,000.00.

WHEREFORE, Johnson Controls demands judgment against Defendant for the full value of its actual damages, plus interest, costs, and attorneys' fees.

## COUNT II – ACTION ON ACCOUNT

22.　Johnson Controls incorporates the foregoing and states:

23.　From March 28, 2008 through September 6, 2011, Johnson Controls performed work, providing labor and materials, to the Defendant on an account.

24.　Johnson Controls periodically invoiced the Defendant for its work, and received numerous payments from the Defendant on its account.

25.　Johnson Controls has submitted invoices, and demanded payment of the remaining balance on the account, which relates to work performed by Johnson Controls pursuant to the parties' agreements, and under the Defendant's direction.

26.　The Defendant accepted the work and, without legal or equitable excuse, failed and refused to pay the balance owed on its account.

27.　Johnson Controls has performed all duties and obligations which constitute a condition precedent to payment by the Defendant, excepting only those duties and obligations either affirmatively waived by the Defendant, or excused by virtue of the Defendant's breach of contract.

28.　Defendant's actions have caused Johnson Controls to suffer damages in excess of the $75,000.00.

WHEREFORE, Johnson Controls demands judgment against Defendant for the full value of its actual damages, plus interest, costs, and attorneys fees.

Dated: March 30, 2012                    Johnson Controls, Inc.


By:\_\_\_\_\_s/ Robert A. Roth_____
           One of its Attorneys

Robert A. Roth
Reed Smith, LLP
10 South Wacker Drive
Chicago, Illinois 60606
(312) 207-1000